## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREEMAN WILLIAM MAY,** | : |
|    Petitioner | :   CIVIL ACTION NO. 3:16-0346 |
| v. | : |
| **THOMAS McGINLEY,** Superintendent, SCI-Coal Township, | :   **(JUDGE MANNION)** : |
|    Respondent | : |

## **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, filed by Petitioner Freeman May, a convicted Pennsylvania state prisoner.[1] (Doc. 1.) The court has reviewed the petition and supporting

---

[1] Included in Petitioner's filing initiating this matter is a form petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, (Doc. 1-1 at 1-14), as well as an attached typed document declaring this case a civil action filed pursuant to 42 U.S.C. §1983, (Doc. 1-1 at 15-25). In light of the filing of this court's form habeas petition, the case has been docketed solely as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The court will thus screen the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. However, the court will also review Petitioner's claims made in the supplemental typed document styled as a complaint pursuant to 42 U.S.C. §1983 in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Under the PLRA, federal courts have an affirmative duty to screen prisoner complaints filed by inmates seeking to proceed in forma pauperis. 28 U.S.C. §1915A. Further, a court may sua sponte dismiss claims in in forma pauperis proceedings if it determines that the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

exhibits pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254. For the reasons that follow, (1) the claims alleged pursuant to 42 U.S.C. §1983 will be dismissed for failing to raise claims that are cognizable in a civil rights action; (2) the claims for damages will be denied pursuant to Heck v. Humphrey, 512 U.S. 477 (1994); and (3) the court will issue to Petitioner a notice of limitations on filing future petitions under 28 U.S.C. §2254.

I.   **Background**

Petitioner was first convicted and sentenced to death in March 1991 in the Court of Common Pleas of Lebanon County, Pennsylvania.[2] On direct

---

immune from such relief." 28 U.S.C. §1915(e)(2).

Additionally, on page 15 of the filed petition, Petitioner lists nine (9) Respondents; however, pursuant to 28 U.S.C. §2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent in a federal habeas corpus action is the person having custody over the petition. See Alleyne v. Rozum, Civil Action No. 4:07-cv-871, 2007 WL 1520093, at *1 (M.D. Pa. May 21, 2007) (finding that the only proper respondent in a §2254 habeas corpus petition is the petitioner's custodial official at the state correctional institution where the petitioner is confined). In this case, the proper Respondent is Thomas McGinley, the current Superintendent of SCI-Coal Township, where Petitioner is confined. Accordingly, Mr. McGinley will be substituted as the proper Respondent in this action, without the need to have the habeas petition so amended.

[2] In addition to the petition, a federal habeas court may take judicial notice of state court records. Minney v. Winstead, Civil Action No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013). Accordingly, in reviewing the filing opening this case, the court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction

appeal, the Supreme Court of Pennsylvania affirmed the conviction but vacated the death sentence and remanded for a new sentencing trial. Commonwealth v. May, 656 A.2d 1335 (Pa. 1995). Following a second sentencing trial in December 1995, Petitioner was again sentenced to death. Commonwealth v. May, 710 A.2d 44 (Pa. 1998). The Pennsylvania Supreme Court affirmed the sentence on direct appeal. Id. Petitioner then sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), see 42 Pa. Cons. Stat. Ann. §§9541 *et seq*. In May 2006, the Pennsylvania Supreme Court affirmed his conviction, but vacated Petitioner's sentence and ordered a third sentencing trial. Commonwealth v. May, 898 A.2d 559 (Pa. 2006). In October 2008, Petitioner was again sentenced to death in the Lebanon County Court. Commonwealth v. May, 31 A.3d 668 (Pa. 2011). On November 23, 2011, the Pennsylvania Supreme Court affirmed Petitioner's sentence. Id. Petitioner's timely petition for certiorari review was denied on October 1, 2012. May v. Pennsylvania, 133 S. Ct. 190 (2012).

On December 20, 2012, Petitioner filed in this court a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus

---

proceedings in the Court of Common Pleas of Lebanon County, Pennsylvania. In addition, the court has reviewed the documents filed in Petitioner's habeas case previously dismissed without prejudice by this court at May v. Wetzel, Civil Action No. 3:12-cv-2572, 2014 WL 346990 (M.D. Pa. Jan. 30, 2014), as well as the documents filed in the case Petitioner initiated in the Western District of Pennsylvania, see May v. Tywalk, Civil Action No. 2:16-cv-0130 (W.D. Pa).

counsel. May v. Wetzel, Civil Action No. 3:12-cv-2572 (M.D. Pa.) (Doc. 1). On January 3, 2013, the court granted the motion, Id. (Doc. 3), and issued a scheduling order directing Petitioner to file a petition for habeas corpus relief on or before July 1, 2013, Id. (Doc. 2). Also, by order dated January 23, 2013, Petitioner's motion for a stay of execution was granted. Id. (Doc. 8).

Before his habeas petition was due, Petitioner made two requests for extensions of time in which to file the petition, Id. (Docs. 9, 14), which were granted, Id. (Docs. 10, 16). Thereafter, Petitioner filed his habeas petition on September 13, 2013. Id. (Doc. 17). On that same date, Petitioner requested an extension of time in which to file his memorandum of law in support of his habeas petition. Id. (Doc. 18). By order dated September 13, 2013, the court granted that motion and the deadline for the filing of the supporting memorandum was set for November 12, 2013. Id. (Doc. 19).

On October 16, 2013, Petitioner filed a motion to stay the federal proceedings in order to permit Petitioner to exhaust claims in state court. Id. (Doc. 20). In the motion, Petitioner informed the court that he was also the subject of a new PCRA petition timely filed in state court on or about August 19, 2013. Id. On September 25, 2013, the state trial court provided Petitioner with sixty (60) days from that date to file an amended PCRA petition. Id. Petitioner also indicated that counsel for Respondents had no objection to the motion to stay. Id. Based on Petitioner's representation that his case had yet to proceed beyond the PCRA court, by order dated January 30, 2014, this

court denied the motion to stay the proceedings, lifted the previously imposed stay of execution, and dismissed the habeas petition without prejudice to re-filing once Petitioner had properly exhausted his state court remedies. Id. (Doc. 23).

On February 2, 2016, Petitioner filed a complaint pursuant to the provisions of 42 U.S.C. §1983 in the United States District Court for the Western District of Pennsylvania. May v. Tywalk, Civil Action No. 2:16-cv-0130 (W.D. Pa.). By order issued on March 3, 2016, the Western District court dismissed the complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to raise a claim that is cognizable in a civil rights action. The court also denied Petitioner's claim for damages pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

Prior to the issuance of the Western District court's order dismissing Petitioner's case in that district, Petitioner filed in this court the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1.) Petitioner is also seeking to proceed in forma pauperis. (See Doc. 2.) In the petition, Petitioner asserts claims of ineffective assistance of counsel relating to his trials and appeals. (Doc. 1-1 at 1-14.)

In connection with those claims, Petitioner also asserts the following in his typed supplement. Presumably in connection with his PCRA proceedings, and following an April 17, 2014 hearing before Lebanon County Judge Tywalk, the judge determined that Petitioner was "not competent to proceed"

and, therefore, vacated his death sentence. (Doc. 1-1 at 20.) However, as part of the agreement made through Petitioner's appointed guardian, Petitioner was not required to withdraw his pending state and federal appeals. (Id.) In the instant supplement, Petitioner alleges that his attorneys violated his constitutional rights by requesting a legal guardian be appointed for him, rather than challenge his conviction and sentence with a claim of actual innocence. He also claims that Judge Tywalk abused his discretion by appointing the legal guardian and subsequently deeming Petitioner incompetent to proceed and sentencing him to life imprisonment. Finally, he seemingly alleges that his attorneys were ineffective for failing to move to reopen his federal habeas proceedings in this court after he was resentenced to life imprisonment. As relief, Petitioner seeks, inter alia, reinstatement of his federal appellate rights, as well as compensatory and punitive damages.

## II. Discussion

### A. Civil Rights Claims

To the extent that Petitioner is seeking the relief he is requesting in a civil rights action pursuant to 42 U.S.C. §1983, namely reinstatement of his appellate rights and a subsequent jury trial on his innocence claim, he may not do so through a civil rights complaint. A civil rights action is the appropriate vehicle for claims challenging a condition of confinement or "attacking something other than the fact or length of his confinement," Preiser

v. Rodriguez, 411 U.S. 475, 494 (1973). Thus, because Petitioner is seeking relief that is only available through habeas proceedings, the claims for relief sought through Petitioner's supplement styled as a civil rights complaint will be dismissed.[3]

Additionally, Petitioner's request for compensatory and punitive damages will be denied pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Since Petitioner has failed to prove that his conviction and sentence at issue in this case have been reversed or invalidated, damages are barred under Heck.

**B.   Habeas Corpus Claims**

Turning to Petitioner's filing in the form of a habeas petition governed by 28 U.S.C. §2254, the court issues to Petitioner the following notice of

---

[3] If Petitioner chooses not to file a new, comprehensive 2254 petition, see Section II.B, the court will consider the facts set forth in the typed supplement as the supporting facts for the grounds for relief alleged in the instant habeas petition.

7

limitations upon his right to file another habeas petition in the future if his current petition is considered by the court.

Under 28 U.S.C. §2244(b)(3)(A), no second or successive habeas petition under section 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals. This means that if your current 2254 habeas petition is considered on the merits and rejected, you no longer have the right simply to file another 2254 petition in this court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition. Instead, you would have to move in the court of appeals for a certificate allowing you to file that second 2254 petition. Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2254 petition, are limited to two extremely rare circumstances: (1) the factual predicate for the new claim was not previously available to you by the exercise of due diligence; or (2) there is a new rule of constitutional law that was previously unavailable to you and made retroactive to cases on collateral review by the Supreme Court. Please consult 28 U.S.C. §2244(b)(2) for further details. Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first 2254 petition. Thus, you should carefully consider whether the current habeas petition raises all grounds for relief from your conviction. If you

think it may not, you may want to withdraw it before the court considers it. The court will allow you to do this now without prejudice to your right, after you have given the petition more thought, to file another 2254 petition. If you do decide to withdraw your current petition with the intent of filing a comprehensive 2254 petition in the future, you are also advised that 28 U.S.C. §2244(d) sets forth a one-year statute of limitations for filing a 2254 petition. It also specifies periods of time that are not counted toward the limitations period. You should consult this section for when the one-year period starts to run. The limitations deadline may affect your decision to either stand on your current petition or file a new, comprehensive one.

      An appropriate order shall issue.

                                          s/ *Malachy E. Mannion*
                                          **MALACHY E. MANNION**
                                          **United States District Judge**

**Date: March 29, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0346-01.wpd